**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FABIAN REGALADO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1]<br><br>　　　　Defendant. | Case No. CV 12-4968 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Fabian Regalado ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying his application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected the lay testimony of his brother, Victor Palencia. (Joint Stip. at 6, 21-22.) The Court agrees with Plaintiff for the reasons discussed below.

　　A.　　The ALJ Failed to Provide Germane Reasons for Rejecting Mr. Palencia's Lay Testimony

"[L]ay testimony as to a claimant's symptoms or how an impairment affects

---

[1] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

[their] ability to work *is* competent evidence and therefore *cannot* be disregarded without comment." *Stout v. Commissioner*, 454 F.3d 1050, 1053 (9th Cir. 2006) (internal quotation marks, ellipses, and citation omitted) (emphasis in original). Appropriately, then, an ALJ may discount the testimony of a lay witness only if he provides specific "reasons that are germane to each witness." *Id.* (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).)

Here, the ALJ appears to have misunderstood the nature and substance of Mr. Palencia's testimony. In just two sentences, the ALJ disregarded Mr. Palencia as "not an acceptable medical source," and his testimony as not based on "objective diagnostic evidence."[2] (AR at 27.)

But lay witnesses are *not* medical sources. *See* 20 C.F.R. § 404.1513 (discussing different uses for medical and non-medical sources). Unlike medical evidence, which is used to "*establish* whether [a claimant has] a medically determinable impairment," lay testimony "*show[s]* the severity of [that] impairment[] and how it affects [the claimant's] ability to work." *Id.* § 404.1513(a) and (d)(4) (emphasis added). Recognizing this difference, the Ninth Circuit has expressly rejected the notion that lay testimony need be supported, or even relevant to the medical record. *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009).

Thus, for the reasons state above, the ALJ erred in rejecting Mr. Palencia's testimony. Accordingly, the Court finds that substantial evidence did not support the ALJ's decision. *See Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

B. Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no

---

[2] Defendant appears to discuss reasons for the ALJ's credibility determination that are not actually stated by the ALJ. (*See* Joint Stip. at 15.) The Court limits its discussion here, as it must, to only those reasons asserted by the ALJ in his decision. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

1  useful purpose would be served by further proceedings, or where the record has been
2  fully developed, it is appropriate to exercise this discretion to direct an immediate
3  award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004).
4  But where there are outstanding issues that must be resolved before a determination
5  can be made, or it is not clear from the record that the ALJ would be required to find
6  plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.
7  *See id.* at 594.

Here, there are outstanding issues which must be resolved before a final determination can be made. On remand, the ALJ shall reconsider Mr. Palencia's testimony, and either credit it or provide germane reasons for rejecting it.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.**3/**

Dated: April 30, 2013

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

---

**3/**  In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contentions. (*See* Joint Stip. at 4-8, 20-23.)